

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable I. L. Chandler
County Auditor
Montague County
Montague, Texas

Dear Sir:

Opinion No. O-4243
Re: Fees of office — constables —
city marshals and nightwatch-
men — State Highway Patrolmen.

Your request for opinion upon the following stated
questions:

"1. When a case is filed by the State High-
way Patrol in the Justice of County Court is
the Constable, City Marshal or nightwatchman
entitle to any fees, and if they are entitled to
any fees, please advise me what these fees are.
The Highway Patrol has filed several cases in
this county, and the City Marshal, Constable,
and nightwatchman have claimed the fees, and in
these cases the Highway Patrol make the arrest
and placed the defendant in jail. The City
Marshal, nightwatchman are paid a salary by the
city, and the city pays the constable $20.00
per month salary.

"2. Is the city Marshal or nightwatchman
entitle to a fee when they make an arrest and
file the case in the Justice or County Court,
or should this fee go to the Constable.

"3. Can an arrest fee and mileage be charged
a person charged with drunk driving in the Coun-
ty Court when this person has been arrested by
the Highway Patrol, and taken to the County Jail."

has been received and carefully considered by this department.

Article 1011, Vernon's Annotated Texas Code of Crim-
inal Procedure, provides:

"No item of costs shall be taxed for a
purported service which was not performed, or
for a service for which no fee is expressly pro-
vided by law."

It is elementary and this department has repeated-
ly ruled that no peace officer is entitled to a fee for a
service which he did not perform.

Opinion No. O-768 of this department holds that
if a State highway patrolman arrests a defendant in a mis-
demeanor case and brings the defendant before the justice
of the peace and defendant pleads guilty and is assessed a
fine, the justice should not tax an arrest fee against the
defendant. We enclose herewith a copy of this opinion for
your information.

City marshals and city policemen are peace officers.
Article 36, V.A.C.C.P., provides:

"The following are 'peace officers:' the
sheriff and his deputies, constable, the mar-
shal or policemen of an incorporated town or
city, the officers, non-commissioned officers
and privates of the State ranger force, and any
private person specially appointed to execute
criminal process."

Article 1067, V.A.C.C.P., provides:

"Constables, marshals or other peace of-
ficers who execute process and perform services
for justices in criminal actions, shall receive
the same fees allowed to sheriffs for the same
services."

Opinion No. O-2112 of this department holds that
if a city marshal files a case in justice court and performs
services, he is entitled to the same fees as the sheriff or
constable would be entitled to for performing similar serv-
ices.

We quote from Opinion No. O-3791 of this depart-
ment as follows:

". . . the chief of police is not entitled
as a matter of right to act in any of the capaci-
ties mentioned, except to make the arrest, under
the facts stated. He is however authorized to

act in the other capacities named (summon a
jury, wait upon the court, and in case the fine
is not paid, to execute the commitment) <u>when
ordered to do so by the justice of the peace</u>
in each instance. The justice of the peace
could order the sheriff or constable to perform
any of the services necessary subsequent to the
arrest by the chief of police. Where the chief
of police is ordered to perform such services
by the justice of the peace, he must do so and
is entitled to receive the statutory fees pro-
vided for such services.

". . . Whether such officer may keep such
fees for his own use as a part of his compensa-
tion, however, is a question which depends on
the terms of the ordinance or agreement fixing
his compensation. . . ."

We enclose herewith a copy of said opinion for your infor-
mation.

We answer your questions as follows:

1. In your first question you state that the
case was filed by a State highway patrolman. We assume
from this statement that neither the constable, city mar-
shal nor the nightwatchman made the arrest or performed
any services in the case. If this be true they would be
entitled to no fees whatever. If the constable or city
marshal served a legal subpoena or summoned a jury upon
order of the court or performed some other legal and nec-
essary service of course they would be entitled to fees
for legal services performed. If the city nightwatchman
was a city policeman he would also be a peace officer and
would be entitled to fees for legal services performed, if
any.

2. The arrest fee would go to the peace officer
making the arrest. If the nightwatchman was not a peace
officer he would be entitled to no fee for making the ar-
rest. The constable would not be entitled to an arrest
fee because he made no arrest.

3. No arrest fee or mileage should be charged
under the facts stated. As pointed out in Opinion No.

Honorable I. L. Chandler, Page 4

O-768 of this department State Highway Patrolmen are paid a salary by the State of Texas for their services out of State appropriations, and they are not entitled to charge or collect fees from defendants in criminal cases.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:LM

ENCLOSURES

